## Kepner et al. v. Braun et al.

*Equity—Dissolution of partnership—Appointment of receiver.*

1. Three members of a partnership composed of thirteen persons, operating a taxicab business, filed a bill in equity asking for the appointment of a receiver and the dissolution of the partnership. The grounds alleged were, that one of the three had been deposed as manager of the business of the defendant partnership, which would result in irreparable injury to the business, and that two of the defendant partners were engaged in practices which were illegal and were having a detrimental and ruinous effect upon the business: *Held*, that neither ground warranted the appointment of a receiver or the dissolution of the company.

2. The appointment of a receiver is the exercise of a power in aid of a proceeding in equity, and the court must be convinced that it is needful and is the appropriate means of securing a proper end.

*Evidence—Admissibility—Averments of bill.*

3. At the trial of an equity case, evidence will not be admitted to sustain vague and indefinite averments contained in the bill.

*Evidence—Materiality.*

4. An allegation in the bill that members of a partnership are engaged in illegal practices does not furnish a sufficient ground for asking for the appointment of a receiver for the partnership, and evidence to prove such an averment is immaterial, and, therefore, inadmissible. The remedy for illegal practices is not by a dissolution of the partnership, but by a criminal prosecution.

Bill for dissolution of partnership. C. P. Berks Co., Equity Docket, 1921, No. 1300.

*Harry J. Dumn*, for plaintiffs; *Randolph Stauffer*, for defendants.

WAGNER, J., Nov. 21, 1921.—

### Findings of fact.

1. On or about June 6, 1916, the above-named plaintiffs and defendants entered in a copartnership to engage in a general taxicab business in the City of Reading, under the name of the Pioneer Auto Service.

2. The general conduct of the said partnership business was left in the hands of a manager, who was duly elected on or about Jan. 1st of each and every year.

3. On Jan. 15, 1921, Charles B. Kepner, one of the within-named plaintiffs, was duly elected at a meeting, regularly called, as manager of the Pioneer Auto Service, for the term of one year next ensuing. He thereupon entered upon his duties as such manager.

4. On June 30, 1921, the within-named defendants held a meeting and appointed Clarence Haines, Arthur Hoover and William Egolf a committee to take over the management of the said Pioneer Auto Service.

5. Charles B. Kepner was deposed as manager of said business on account of dissatisfaction on the part of the defendants with the manner in which the said Charles B. Kepner conducted the business.

6. Clarence Haines, Arthur Hoover and William Egolf, of the aforesaid appointed committee, upon the discharge of Charles B. Kepner as manager,

1 D. & C.

took charge of the management of the said business and prevented Charles B. Kepner from performing any of the duties of the office of manager.

7. On July 5, 1921, the members of the above committee requested Charles B. Kepner to pay dues into the treasury, and upon his refusal to do so, took his name off of the list of members who were to receive calls.

## Discussion.

The plaintiffs and the defendants in this case, in June, 1916, formed a general partnership for the purpose of carrying on a taxicab business. Charles B. Kepner, one of the plaintiffs, on Jan. 15, 1921, was elected manager for a period of one year. On June 30, 1921, the defendants, being dissatisfied with his management, asked for his resignation, and upon his refusal, removed him as manager of the company and appointed a committee of three of their membership to manage the business.

The plaintiffs aver that, because of the removal of Charles B. Kepner as manager, and the placing of the business in the charge of this committee, irreparable injury will be done to the business of the company; that the funds now in the hands of the treasurer may be dissipated, and that the plaintiffs will suffer great and irreparable loss.

Solomon Ulrich, one of the plaintiffs, is the treasurer of the company. He testified (N. of T., page 9) that at the time of the hearing, Sept. 7, 1921, there was in the treasury about $2800, and that, on July 1, 1921, when Kepner was deposed as manager, there was $2575.68 in the treasury. Therefore, instead of there being a dissipation of the funds by the change in management, there is a gain.

The only other ground alleged in plaintiffs' bill for the appointment of a receiver and dissolution of the company is found in paragraph 10, where they aver that they have been informed, and verily believe, that two of the defendants, William Kosak and Clarence Haines, are engaged in practices which are illegal and which are having a detrimental and ruinous effect upon the business of the Pioneer Auto Service. At the hearing plaintiffs offered evidence to show that Clarence Haines was brought before a meeting of the members of the Pioneer Auto Service on the charge of selling whiskey illegally. The purpose, as stated by plaintiffs' counsel, was to show that these illegal practices were being carried on, and that the matter was being noised abroad to the detriment or injury of the Pioneer Auto Service. To this defendants' counsel objected: First, because it was not evidence in support of the alleged facts as contained in the bill; and second, because it was not material. We sustained the objection. The evidence was not admissible for both reasons. Paragraph 10 avers a conclusion. This averment is too vague and indefinite to receive thereunder evidence that said defendants were engaged in the illegal sale of liquor: The Real Estate Title Insurance and Trust Co. et al. v. The Allentown and Reading Traction Co. et al., 11 Berks Co. L. J. 189, 215. The evidence was also not material. The remedy for illegal practices, if such existed, is not by a dissolution of a company and the appointment of a receiver, but by a criminal prosecution.

There is nothing in either of the two grounds alleged in the bill that would warrant the appointment of a receiver and the dissolution of the company. " 'The appointment of a receiver is a remedy of purely equitable origin, having originated in the English Court of Chancery, where it has been employed from a very early time. It . . . grows out of the inherent power of a court of equity to afford relief where the remedies to be obtained in the courts of ordinary jurisdiction are inadequate:' 23 Am. & Eng. Ency. of Law (2nd

Kepner et al. v. Braun et al.

ed.), 1002; Kerr on Receivers (5th ed.), 1. 'The jurisdiction exercised in the appointment of receivers has always been treated as a purely equitable one, and the remedy has been generally regarded, next to that of injunction, as the most efficient and salutary of the extraordinary remedies known to the courts of equity:' High on Receivers (4th ed.), § 41. 'The appointment of a receiver is the exercise of a power in aid to a proceeding in equity. . . . The court must be convinced that it is needful and is the appropriate means of securing a proper end:' Chicago & Allegheny Oil and Mining Co. v. U. S. Pet. Co., 57 Pa. 83, 91:" Power v. Grogan, 232 Pa. 387, 394-95.

*Conclusions of law.*

1. Plaintiffs are not entitled to the relief prayed for.
2. The bill must be dismissed, at the costs of the plaintiffs.

From Wellington M. Bertolet, Reading, Pa.